UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

  -v-                                                        No.  20-CR-00126-LTS-5

JOSE FLORES,

        Defendant.

-------------------------------------------------------x

ORDER

Laura Taylor Swain, Chief United States District Judge:

        On July 19, 2021, Mr. Flores was sentenced principally to a term of imprisonment of 90 months.  (See docket entry no. 207.)

        On September 6, 2024, and September 24, 2024, Mr. Flores filed motions (see docket entry nos. 460, 462), requesting that this Court consider a sentence reduction under Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023. Amendment 821 contains two retroactive provisions.  Part A of Amendment 821 reduces or eliminates sentencing enhancements ("status points") that may have been imposed at the time of sentencing based on the commission of crimes while the individual was under a criminal justice sentence.  U.S. SENT'G COMM'N, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28254, at 28270 (May 3, 2023).  Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (those with no criminal history points), whose offense did not involve specific aggravating factors.  Id. at 28271.

The United States Probation Office for the Southern District of New York has analyzed the application of the amended Sentencing Guidelines to Mr. Flores' case and issued a supplemental presentence report concluding that Mr. Flores is not eligible for a sentence reduction. (See docket entry no. 463 ("Supp. PSR").)

The Court has considered the record in this case, the supplemental presentence report, and Mr. Flores' submissions in support of his motions, and concurs with the Probation Office's analysis. While Mr. Flores is entitled to a "status point"-based recalculation under Part A of Amendment 821, he is not eligible for a sentence reduction because he was sentenced below the amended Guidelines range. See U.S.S.G. § 1B.10(b)(2)(A).

First, Mr. Flores is eligible for a "status points"-based reduction under Part A of Amendment 821.[1] The original presentence report added two points to Mr. Flores' Criminal History computation because Mr. Flores committed the offense while on probation, bringing Mr. Flores' Criminal History score to three and his Criminal History category to II. (Supp. PSR ¶¶ 41-44.) Based on retroactive application of Part A of Amendment 821, Mr. Flores' amended Criminal History score is one, and his amended Criminal History category is I. (Id. at 2.) With an offense level of 31 and an amended Criminal History category of I, Mr. Flores' amended Guidelines range is 108 to 135 months—compared to the original Guidelines range of 121 to 151 months. (Id. at 3.)

A district court, however, "may not reduce a defendant's term of imprisonment under Section 3582(c)(2) and Section 1B1.10 to a term that is less than the relevant amended Guideline ranges." United States v. Castro, No. 17-CR-260-LTS-1, 2024 WL 2116004, at *3

---

[1] Mr. Flores is not eligible for Part B of Amendment 821's retroactive offense level reduction for "zero point" offenders because he had multiple criminal history points at the time of sentencing due to his prior convictions. (See Supp. PSR at 2, ¶¶ 41-44.)

(S.D.N.Y. May 10, 2024); accord U.S.S.G. § 1B1.10(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision."). There is an exception to this general limit, if the defendant received a downward variance due to their substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). This exception does not apply here. (See docket entry no. 195 at 1 (Government sentencing submission advocating that "a sentence within the Guidelines Range is warranted")). Because Mr. Flores was sentenced to 90 months, which is below the amended Guidelines range of 108 to 135 months, Mr. Flores is not eligible for a sentence reduction under Amendment 821. See Castro, 2024 WL 2116004, at *3 (finding that defendant was "not eligible for relief on Count Two, given that the 120-month term of imprisonment imposed is below the amended Guidelines range").

      Because Amendment 821 does not provide a basis for reducing his sentence, Mr. Flores' motions are denied. This order resolves docket entry nos. 460 and 462. Chambers will mail a copy of this order, along with a contemporaneously filed form order and a copy of the supplemental presentence report, to Mr. Flores at the address below.

      SO ORDERED.

Dated: New York, New York
       October 18, 2024

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                United States District Judge

**Copy to be mailed to:**

Jose Flores
Reg. No. 87834-054
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977